United States v. Burns Elsa Good morning Your Honors, may it please the Court, my name is Philip Jelso and I represent the appellant Clinton Burns. I'd like to reserve two minutes for rebuttal. Fine. Your Honors, the judgment of conviction in this case must be vacated and the case must be remanded for resentencing for four related reasons. First, Your Honor, from a review of the transcript, the District Court appears to have applied the sentencing guidelines in this case as mandatory in violation of Booker. Second, Your Honor, and in the alternative, if the District Court, at the very least, consider the sentencing guidelines to provide a presumptively reasonable array of sentences in violation of read-em. Third, Your Honor, the facts, the, excuse me, the statement of reasons for the sentence imposed, Your Honor, are, indicate, or fail to indicate a meaningful consideration of those 3553 factors, as well as the appellant's factors raised, properly raised by the appellant before the Court. And finally, Your Honor, the sentence itself is unreasonable and should be, and the case should be remanded because the Court had failed to consider those factors that were properly raised before the Court. Your Honor, the sentence itself, the District Court itself in this case appears to have applied the sentencing guidelines as mandatory. There is a confusion. What makes you think that? Your Honor, the transcript of the sentencing hearing, there is a confusion, it appears on the record, with respect to the application of Booker. You have the former counsel who is arguing that facts that are not alleged and proved beyond a reasonable doubt cannot raise a sentence beyond, cannot be used by the guidelines to raise a sentence within the appellant, within the guidelines themselves. This is at a point after Booker has been decided. Government counsel takes the position that he's truly arguing an Apprendi argument. Yeah, that's what I'm saying. It is an Apprendi argument. I completely agree it is an Apprendi argument, Your Honor. But at that point... But didn't the judge, in fact, at one point jump in and say, I don't think this is under Booker? Well, at one point, Your Honor, there is a discussion between the Court and government counsel with respect to what Booker finds as well as with respect to what Apprendi finds. When you say there's a discussion, I mean, you actually quote this at pages 12 and 13 of your brief, and it looks to me, point out if I'm wrong here, it looks to me that the Court was simply acknowledging the government's argument and saying, wait, this looks like Apprendi to me rather than being this sort of thing that Booker was really getting at. It's more to the point of Apprendi and maybe, you know, Booker launching off Apprendi. But that seemed to be this kind of discussion where one person's talking, another person interrupts a little bit and says, well, isn't this really the other thing? That's how the colloquy reads on paper. I see it the same way. It looks like Apprendi was the focus of this particular dialogue. Your Honor, I agree Apprendi was the focus. However, the District Court itself is discussing the standard with former counsel, mentions that Booker itself is a resentencing case, which it is not, at least as it applies at that point. Third, Your Honor, makes the point to former counsel that he raises an interesting argument. Let's just make something clear. When you say he says it's a re-argument, his actual quote is, it's used for resentencing now. That's the quote. It's used for resentencing now. That looks to me like nothing more than a District Court judge saying, Booker's got relevance to me now in the context of this resentencing. I don't understand him to be saying, Booker only applies to resentencing. But go ahead with what you're saying. Your Honor, I would agree with you. Mr. Clinton, Mr. Burns was before the court at resentencing, but he's not. He's at court for the initial sentencing. Booker obviously applies there. He tells former counsel— Booker applies to the extent that the guidelines are advisory and not mandatory. What makes you—back to my question—what makes you think that he thought, he, the District Judge, thought the guidelines were mandatory? Your Honor, if you take the sentencing hearing as a whole, first you have him granting the exception, saying you can take this as an interesting point, take it up on appeal. Secondly, you have the District Court itself considering the recidivism aspect of the defendant's criminal history. You have properly raised arguments by the former counsel under 3553 that are irrelevant under the guidelines themselves, his age, his drug addiction, and so on. He cut— Hold on. I've got to have you slow down because I'm not following you. Okay. I'm sorry. You're saying that the fact that the judge did take into account 3553A factors means he was viewing Booker as mandatory? No, Your Honor. I apologize. You must have misunderstood me. The fact that he didn't take into account the 3553 factors, he doesn't mention them. And I understand that's not the test here, but he doesn't mention them. He doesn't consider the facts in theory that the former counsel raises under 3553 when imposing sentence. He does not, Your Honor. He cuts him off when he's raising those properly raised arguments and goes right to allocution. At the point in which former counsel begins saying, judging he has a newborn child, the District Court cuts him off at that point and goes right to allocution. And then when he's giving his statement of reasons, he relies exclusively upon his prior record. I believe when you take that as a whole, it shows one of three things. It shows that the District Court applied it as mandatory, applied it as a reasonable range of sentences, or the record itself doesn't give sufficient reasons. And that may be the heart of the problem here. The heart of the problem may be that the reasons given by the court are not adequate. And therefore, what did he miss? Tell us specifically. With 3553A factors, he did not consider them. I'm sorry. I didn't mean to interrupt you. No, no. Be as specific as you can. He did not. He missed the first factor. The first and second factors, the history and characteristics of this defendant. Doesn't he talk specifically? Doesn't he say, you've been in jail since you were a juvenile? Since you were 12. Yeah, you're going to, I think there's a recidivism factor. You have prior sentence after that, and it doesn't appear that you're getting it. Your Honor, I think, there's no doubt that he considers the criminal history, but he doesn't consider the other factors that are properly raised by this defendant. He doesn't, it doesn't consider the fact of his age, his drug addiction, the fact that he went into treatment, the fact that he... But he knew his age was what, 23? His age was 23 at the time of sentencing. And the judge was told that, so he knew he was 23. Your Honor, he had, respectfully, he had heard that he was 23, heard those factors, but I believe there is a distinction between what is before the court and what the court considered. So to answer Judge Sirica's question, I think that what he missed was those factors and then cut them off. Are you saying that the judge has to say, I've thought of that, in order for us to conclude that the judge has thought of it? Your Honor, I believe that in light of the record, in light of this record, I understand the precedent of this circuit that a road analysis of merely the 3553 factors isn't enough. However, there has to be some mention, some indication that these factors are considered. Right. So why don't you look, if you would, at page 20 of the red brief, your opponent's brief, where the appellee here says, here are 11 instances that demonstrate to you, judges of the Third Circuit, that the district court judge did consider a variety of things covered by Section 3553. And tell us if you disagree factually or if you think that as a matter of law, those aren't enough. Your Honor, I don't dispute the fact that these 11 factors were before the court, either by virtue of the presentence report or by virtue of the defendant's argument. However, the record itself in this case does not indicate that he considered the factors. It considered these factors, among the other ones which are cited in my brief, with respect to age and so on. I think what you have here is a record where there is at least a confusion. The court made a finding that it adopted the findings of the presentence report and conclusion. Is that correct? Yes, Your Honor. And that was after this Apprendi argument or this Apprendi discussion. And when you have this Apprendi discussion, coupled with the fact of him giving him the right to appeal, because, Your Honor, respectfully, the note that he has is he grants him an exception and grants him a right to an appeal. Under Booker, the argument that was being made by former counsel, respectfully, is wrong. Okay, I understand. I'm conceding that fact. It was completely wrong. But the court grants him the exception. And then at the end of it, says, you make an interesting point. You should take this up on appeal for clarification. There should be no clarification. Well, maybe I'm being too generous here, but it seemed to me that that really was nothing more than a judge trying to gently say, you're not getting anywhere with me. Take it up if you want. Is that really a basis for turning a judge around? Your Honor, if that was the only thing he did at that point in sentencing, if that was the record, I would agree with you. It would be a generous being polite. But at the end, he does it again and says, you should take it up on appeal for clarification. In addition, you have, I think it is of significance to the point in which the trial judge cuts this defense counsel off when he's making his argument. Those factors that he is raising, age, drug addiction, and so on, are irrelevant under the guidelines, but relevant in the 3553. You look at the red brief on page 22, which talks where he does give his reasons. Tell me what's deficient here. What's deficient, Your Honor, is that the focus is entirely upon the fact of his criminal record. And the fact that his criminal record is contemplated by the guidelines, there's nothing prohibiting the judge from taking into consideration under 3553 also. However, there are other factors that are properly before this court that the court does not indicate any consideration with respect to the sentence. He says you've been undeterred by prior periods of incarceration. I really feel there's a strong likelihood of recidivism here. I mean, it's clear to us, clear to me that he's been weighing the factors here and he finds these factors dispositive. Your Honor, I think he's weighing the criminal history. I don't disagree with you that he's weighing the criminal history. But he's not considering, or at least indicating that he's considering, the other factors. This is a very experienced judge who's sentenced many people. Respectfully, Your Honor, I agree. Well, when you say he's weighing the criminal history, isn't it implicit when he says, I think the risk of recidivism is high? As opposed to? Right. I mean, when you say he's weighing, I mean, there's something on the other side of the scale. He's looking at this and he says, when I look at this, it looks to me like recidivism risk is high. You don't think that at least implies that he's said there are a couple routes a person could take at this point? I think based on the history, you're likely to take that route, the recidivism route. That's how that reads to me. But why doesn't it read that way to you? Your Honor, I agree that it reads that way on the recidivism aspect. However, excuse me, the other factors that are presented before this court are not weighed. And respectfully, that may be the root of the problem here. You have a situation like in Dolson, an unprecedented opinion, where this court says, look, I'm sure he's weighed these factors, the 3553 factors. However, the record isn't clear. The record, the statement of reasons is inadequate. And I think at the very least, that's what you have in this case. You may have that he didn't apply the mandatory. You may have that he didn't do the presumption. We don't know that, concretely, because the reasons themselves are inadequate. And respectfully, I think it should be remanded. I believe it should be remanded for this judge to be able to give the statement of reasons. Thanks. Well argued. Thank you very much, Mr. Jelso. We'll hear from Mr. Big. Good morning. Good morning, Your Honor. William Beattie for the United States. I think the court was correct in reviewing the record in this case. In terms of the defendant's argument that the record shows that the court considered the statutory maximum to be required to be imposed. That is, that the court did not have discretion to depart below the guideline. There's nothing in the record. The statutory maximum is a good way below the guidelines, right? It is, indeed. The guideline was 292 to 365 months. And because of the operation of the guidelines, the statutory maximum was the guideline. Mr. Beattie, the thing that your opponent said there and said repeatedly that I would really like to hear you respond to is, what should we make of that ellipse in the transcript where it appears that Mr. Jelso's predecessor counsel is trying to make a record and the court stops and moves straight to allocution? Is there an inference to be drawn that the court was blowing past the requirements of our case law in 3553 to get to sentencing? I don't believe so at all, Your Honor. And I would point to the defendant's sentencing memorandum that he filed with the court about 10 days prior to sentencing. I mean, when he says he also has a young son and then the court cuts him off, there wasn't anything else beyond what was stated in that sentencing memorandum that I could see that he would have raised at that point. He spoke about his alleged drug addiction, his age, the circumstances of the prior offense, that he thinks he could be rehabilitated, he's got a young son he wants to come out to see, all of which were precisely the arguments that were raised. And no more than the arguments that were raised in the sentencing memorandum that was filed. Is there anything in the record that would show the judge considered the defendant's sentencing memorandum? No. I do not see a specific reference by the judge to the sentencing memorandum, but the court adopted the pre-sentence investigation report, which addressed several of the issues that were contained in the sentencing memorandum, specifically the question of whether or not the defendant qualified as a career offender, and the question of drug weight. And by adopting the pre-sentence investigation report, where an addendum had been prepared to that which addressed those issues, I believe that is the same as if the judge says, I read your sentencing memorandum, and however I adopt the findings of the probation department in that regard. This case is quite similar to the decision that was rendered by a panel of this court back on October 26th for a co-defendant in this case, Eugene Dora-Mill. In that instance, Judge Caldwell again sentenced the defendant, and there was an objection or a request to depart below the guideline range, and then a request to deviate under the section 3553A factors based on Haiti and the defendant possibly being deported and what could happen to him there. Judge Caldwell stated, I can't consider in the future what might happen, talked about the defendant's criminal history, his likelihood of recidivism, and this court affirmed that, essentially. That was in 34 months, though, right? It was indeed, and that defendant only pled guilty to, I believe, using a telephone. He did not have a career offender status as this defendant did in the other factors that were present. And I think if you look at this case and look at the record, I don't think that any person could have any doubt that Judge Caldwell, in sentencing this defendant, stated very clearly his reasons for the sentence that was imposed. He let the defendant speak as he's required to, considered what he had to say. There's even a conflict there. Defense counsel claimed that the root of all of the defendant's problems were drug addiction. The defendant, when he was given an opportunity to speak, said, I was going to college and I needed some money, and I got into this problem. He kind of refuted his own. I think this is more closely aligned with what the Supreme Court said in a readout, where you have a case that is not analytically or factually complex, and you can show that the court considered all of the factors that it needs to consider and provides a satisfactory statement of reasons. It doesn't have to be extensive. It just has to be enough to get this court. How do you read, Mr. Behe, the court's comments about you should take this up to the Court of Appeals for what Mr. Gelsow describes it saying a couple of times as if thinking that there was some clarification required about whether Booker was mandatory or not? What's your response to that? I believe the judge was being polite. What you have was an individual who was representing his client in sentencing who apparently was quite confused in his argument in terms of which case advanced what position, and the court clearly agreed that it was an apprendee issue but told the defendant, if you disagree, raise that on appeal and see if it can be clarified. I don't believe that the judge was treating that as Mr. Gelsow suggests or that should be considered as an indication the court felt the guidelines were mandatory. It's simply the judge ending argument politely and indicating to counsel, if you disagree and you think your argument has merit, pursue that on appeal. And again, I can't see how you can argue that the court considered the guidelines to be mandatory when the court entertained all of the argument that the defendant wanted to present, started out by saying do you have any objections, considered the objections that were raised, asked if you want to speak on behalf of the client. At no point does the court say that's not relevant. I don't need to consider those factors. The guideline range is the statutory maximum. That's what you're getting. The court said I've adopted the pre-sentence report. These are the reasons and gave a statement of that. And I don't think the court, as in the Rita decision or in Dormill, needs to touch upon explicitly every 3553A factor. Just indicate to the court that there was a reasoned basis for the decision, and these are the reasons that the individual, although 23, had committed two felony drug offenses and was on parole for a felony drug offense at the time that he was a distributor in this particular Joel Taylor drug distribution operation. It is a fairly typical sentencing case, and there wasn't anything extraordinary that would have required court to go into an extensive colloquy. An individual pled guilty to distributing an amount of drugs. He was a career offender. He asked for mercy, said he was young, said he had a drug problem. That is what is a typical sentencing proceeding in the courts when you have a defendant there on drug traffic and charges to be sentenced. Judge Caldwell, I respectfully suggest, did give adequate reasons, and again, as the court in Rita said, if you were to look at this record, and the commission later in considering the evolution of the guidelines were to look at this record, and the public were to look at this record, and as importantly or most importantly, this court were to look at the record, there would be no doubt that Judge Caldwell gave adequate reasons for the sentence that was imposed, which was, in fact, substantially below what the guidelines could have been, but for the charge bargain that capped this defendant at 20 years. Thank you very much. Any questions? Thank you, Mr. Beheat. Mr. Jelso. Thank you, Your Honor. Very briefly, Mr. Beheat mentions Dormill, which was before this court. Dormill is a co-defendant. The difference between Dormill in this case is that there was a race factor, which was the deportation. I'm not privy to the transcript, but from the opinion from Judge Ambrose's decision, the opinion, it appears that the Haiti consideration was mentioned on the record and considered. With respect to this defendant, you've got a sentencing memorandum that deals with a downward departure under Shoup. That is not addressed. The objections are there, and clearly they're overruled because the guidance, the sentencing, the pre-sentence report has been adopted, but the downward departure motion isn't considered, coupled, and factors are going along with that, coupled with the other factors that I discussed previously. And again, Your Honors, I would like to point that Ashburn and Dolson doesn't say explicitly that this court should mine the record to find reasons, and I think to a certain extent that's what Mr. Beheat did with that page 20 list of reasons. They are considerations, they are facts presented before the court, but it appears from the record the court didn't take them into consideration. And finally, Your Honor, I'm not relying exclusively upon Judge Caldwell's decision, or Judge Caldwell's opinion, that this should be taken up on appeal, but he does mention it respectfully twice to the defendant. Tells him the point to politely cut him off, and at the end of the sentencing says, I think you should take this up on appeal, and we'll get a clarification. Respectfully, Your Honor, when you take the entire record together, at the very least, the factors aren't sufficient, the factors aren't mentioned in compliance with this court's precedent and read it, and that leads to the confusion. And if the statement of reasons was adequate, this confusion wouldn't be here. The case should be remanded to give the proper reasons. Good. Thank you very much. Thank you, Your Honor. The case was well argued. We will take the matter under advisement.